IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES GASTINEAU,
A# 076-529-992

    Petitioner,

vs.                                          Case No. 5:14cv344-RS/CAS

ERIC HOLDER, JEH JOHNSON,
MARK J. MOORE, ANTHONY ARELLO,
and CHARLIE CREEL,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, has filed a second amended petition [hereinafter petition] for writ of habeas corpus pursuant to § 2241. Doc. 16. Petitioner is detained at the Wakulla County Jail and states in the petition that it concerns removal proceedings. *Id.* at 2. Petitioner states that a final order of removal was entered on January 13, 2015, and it is unclear whether or not his appeal is still pending before the Board of Immigration Appeals [hereinafter BIA]. *Id.* at 3. Petitioner had previously been directed to attach the removal order to his second amended petition and indicate the current

status of his BIA appeal, if known as required by 8 U.S.C. § 1252(c)(1).[1]  Doc. 12 at 2. Petitioner did not comply.

To the degree this petition should be deemed to be a challenge to the order of removal, it was prematurely filed on December 17, 2014, because a "court may review a final order of removal only if - (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ."  8 U.S.C. § 1252(d)(1).  Because Petitioner had not completed the review process before the BIA,[2] this Court lacks jurisdiction to consider any such claim.  Amaya–Artunduaga v. U.S. Atty. Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (cited in Martinez-Rubio v. U.S. Atty. Gen., 564 F.App'x 478, 480 (11th Cir. 2014)); Sundar v. I.N.S., 328 F.3d 1320, 1323-26 (11th Cir. 2003).

Moreover, notwithstanding the assertion that this petition concerns immigration or removal proceedings, review of the grounds raised herein demonstrate that Petitioner's challenge only concerns his conviction in case number 09-25399 for aggravated battery with a deadly weapon from Dade County, Florida.  Petitioner argues that counsel was ineffective, that the trial court abused its discretion in denying Petitioner the right to present evidence in support of a self defense theory, that Petitioner was convicted of an uncharged offense, and denied the right to testify on his own behalf.  Doc. 16.  None of those arguments pertain to immigration.

---

[1] The statute provides that "[a] petition for review or for habeas corpus of an order of removal— (1) shall attach a copy of such order, and (2) shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding."  8 U.S.C. § 1252(c).

[2] Because this case was initiated in December 2014, it was filed before Petitioner had even received a final order or removal.  Petitioner does not seek release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), nor does he make any arguments as to the removal order.

Case No. 5:14cv344-RS/CAS

Earlier in this case, Petitioner filed a document entitled, "Notice to the Court," doc. 5, in which he expressed some confusion because he received another order from this Court, from the Pensacola Division, which transferred his case to the Southern District of Florida.  In response to Petitioner's request for clarification, he was informed that two cases were opened in this Court for Petitioner.  The first case was opened as case number 5:14cv343-WS/EMT, and the case initiating document was a petition for writ of habeas corpus filed on a § 2254 form.  Doc. 1 of case number 5:14cv343.  The petition was signed by Petitioner on December 11, 2014, *id.* at 25, and file stamped received in this Court on December 16, 2014.  Doc. 1 at 1.  Because the challenge raised in the § 2254 petition was to Petitioner's conviction from Miami-Dade County, Florida, it was transferred to the Southern District of Florida.  Doc. 4 of case number 5:14cv343.

The second case opened for Petitioner is this case, case number 5:14cv344-RS/CAS.  The document used as a case initiating document was a handwritten motion for a temporary restraining order.  Doc. 1.  That document requested a restraining order be entered to prevent ICE from deporting Petitioner back to Haiti.  *Id.*  The document was signed by Petitioner on December 16, 2014, and file stamped received on December 17, 2014, a day after the § 2254 petition was received.

The second case was opened for Petitioner as a § 2241 petition because it appeared that this case was separate and concerned removal proceedings.  It now appears that Petitioner is seeking to litigate the same issues as he raised in his prior case.  Petitioner has sufficient opportunity to present his arguments to the Southern District of Florida.  Petitioner may not, however, simultaneously litigate two separate

cases in which he challenges his conviction in case number 09-25399 for aggravated battery.

Indeed, while Petitioner was detained at the Wakulla County Jail, Petitioner initiated a third habeas petition in the Southern District of Florida in January 2015 in which he also challenged his conviction in case number 09-25399. *See* case number 1:15cv20244-CMA, filed in the United States District Court, Southern District of Florida. That case (§ 2241 petition) was dismissed in part because it was "duplicative of his earlier-filed Section 2254 petition attacking the same Florida conviction." Doc. 11 at 5, of case number 1:15cv20244-CMA; *see also* doc. 12.

The duplicative case is the case which was transferred to the Southern District of Florida from this Court, case number 5:14cv343. That case was opened in the Southern District as a § 2254 habeas petition, case number 1:14cv24898, and is still pending. The case presents the same claims as have been raised here. If Petitioner is entitled to any relief, it will come through the pending § 2254 habeas petition. Therefore, this case should be dismissed as duplicative and need not be transferred.

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 2241 petition, doc. 16, be **DISMISSED** as duplicative to a § 2254 petition pending in the Southern District of Florida, case number 1:14cv24898.

**IN CHAMBERS** at Tallahassee, Florida, on April 28, 2015.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**